E-FILED
Wednesday, 28 May, 2008 02:10:30 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES District Court
Central District of Illinois

James Dolis, Plaintiff )  Case No. 2:08-CV-02085
-Vs-  )  Honorable Harold A. Baker
Joseph Loftus, et al  Judge - Presiding

**FILED**
MAY 28 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

I Plaintiff
A. Name: James Dolis. B. No Aliases. C. Prison ID No: R42411
D. Confined At: Danville CC. E. Address: PO Box 4001, Danville, Il 61834-4001

II. Defendants
A. Defendant: Joseph Loftus. Title: Warden. Place of employment: Illinois Dept. of corrections at Danville.

B. Defendant: Mary Miller. Title: Medical Director. Place of employment: Illinois Dept. of corrections at Danville.

C. Defendant: Anglin. Title: No. 2 Warden. Place of Employment: Illinois Dept. of corrections at Danville

D. Defendant: Ameji. Title: Doctor. Place of employment: Illinois Dept. of corrections at Danville

E. Defendant: Laker. Title: Counselor. Place of employment: Illinois Dept. of corrections at Danville.

F. Defendant: Kiley. Title: grievance officer. Place of employment: Illinois Dept. of Corrections at Danville.

G. Defendant: Rodger Walker JR. Title: Director of IDOC. Place of employment: Illinois Dept. of Corrections at Danville/Springfield.

H. Defendant: Wexford Health Services INC. Title: Health care providers. Place of employment: Ill. Dept. of Corrections at Danville.

III Exhaustion of Administrative Remedies
  A. Yes, there is a grievance procedure.
  B. Yes, I have filed grievances on facts in this complaint
  C. (1) I filed emergency grievances directly to the warden, (Loftus).
  (2) Loftus denied the grievances and sent them to the counselor. The CNSLR sent them to health care instead of answering them himself. After 3 months of NO response, I asked CNSLR Laker about my grievances. Laker said health care still has them ("so they could "edit" my medical records file thoroughly!). Two days later Laker sent me a notice that stated the grievance officer had my grievances. I wrote to grievance officer and recieved NO response prior to filing my complaint.
  (3) Could NOT appeal when the initial process was denied as untimely.
  D. Did not recieve a response until after filing this complaint, which response was given 70 days past 60 day time limit. I also previously filed on all of these medical claims a year ago and they were NEVER answered to except for dental.
  E. A remedy (grievance procedure) that prison officials prevent a prisoner from utilizing is NOT an available remedy under §1997 e(a), Dale v. Lappin 376 F3d at 656 (7th cir. 2004). Imminent harm situation also.

2.

IV. Statement of Claims

A. I have been on the cardiac medical call line since shortly after entering IDOC. I was on and supposed to be taking 3 prescribed medications to lower my cholesterol and prevent a heart attack or stroke. In June 07 I turned in the sticker tab for a refill on my mevacor meds. It was NOT refilled despite the fact the prescription was valid for 2 more months. Despite 3 trips to sick call I signed up for, daily complaints & requests to the med line nurse and numerous request slips sent to health care, I did NOT recieve a refill of my medication blister.

My blood was taken on 8/16/07 and I was seen on 8/20/07 for the lab results. DR Ameji was **alarmed** by my lab results, and told me I am now at a severe risk for a heart attack or stroke. Ameji could not at first understand how my labs could have increased so drastically to the dangerous levels. So I told Ameji for months I haven't taken the mevacor he prescribed me because health care refused to fill the prescription. Ameji said this is what caused the dangerous increase, and this denial is criminal because he prescribed this medication in it's maximum dosage because I needed it. (Note: on several occasions the dosage of my meds was reduced by Mary Miller after DR Ameji prescribed them. DR Ameji was furious about this and told me this is criminal as Mary Miller is NOT a DR and cannot even prescribe meds let alone recuce their dosage, and this act by her is in fact criminal.) DR Ameji represcribed the mevacor I was denied, along with niacin, lopid and aspirin. A few days later I recieved blister packs of my meds except mevacor. Again I went to sick call, wrote numerous requests to health care and complained daily to the nurse at med line, all to NO avail. At health care I spoke directly to Mary Miller, she told me, "You don't need to take mevacor." Mevacor is the med-

3

cation I needed to take most of all! My blood was taken again on 12/07/07 and I was seen on 12/09/07 for the lab results, they were even worse than before because I had been denied my prescribed meds for over 6 months! After listening to my heart 6 or 8 times while looking at me strangely the DR told me, I should have already had a heart attack or stroke and he was amazed I could even be standing there. The DR also told me he would like to attach a camera to me or have me followed with one, so when I drop he can possibly save my life as a heart attack is imminent for me. The DR also asked me if I exercised, which I did and was able to daily until this facility enacted it's new 22 hour a day lockdown schedule. Lastly the DR said the only thing that saved my life was my exercising, and the only way to prevent a heart attack and reduce the dangerous lab levels, is to do lots & lots of daily exercise and take All my meds.

On 12/21/07 I was given an EKG (2 of them), which shows I now have a highly irregular, dangerous heart beat. (Heart Arrhythmia) My perfectly Normal, strong, Good heart that ALWAYS beat normally before is now Damaged because I was denied my meds. I am unable to exercise enough on this new schedule. Additionally I am overwhelmed by anxiety and depression which significantly increases the stress upon my heart as a direct result of being locked in a cell all these hours now. I also have severe chest pains daily where my heart is, that I never had before. There is 2 people in single cell.

B. I have a urethea stricture for which I previously had surgery (cystoscopy) that was only temporarily successfull due to a large amount of scar tissue. I was being seen by a urologist and treated at Cook County (dialatations as needed) and was in fact

4.

about to recieve the proper corrective surgery, (Uretheal Plastique) but I was shipped to IDOC beforehand. I informed IDOC of this problem and in fact had my cook county medical records file sent to IDOC to verify this fact. I was assured many times I would be taken to a urologist to be seen/diagnosed and treated, however this is a lie and did NOT happen. Since NOTHING has been done, this stricture has significantly worsened and it has become increasingly more difficult to urinate all the time. Because of this stricture I cannot push to expel the poisonous toxins from my body that are filtered out by my liver. Because I cannot expel these poisons I have had bladder & blood infections, I NEVER had before. It is so bad now I am constantly getting cysts or boils which I have to burst open to drain the toxins, puss out of. Because I cannot expel these poisonous toxins when I urinate (which only dribbles out now) my body is pushing them out this way now. This stricture is NOT going to heal itself or just go away, I need treatment/surgery, or at the absolute minimum to be taken for a dialatation!

C. While I was at cook county the DR sent me for lower GI tests because I was bleeding, the tests revealed no problems. The DR told me he is ordering that I be given an upper GI test, so he could see exactly where and why I am bleeding, and then treat or order surgery to stop it. I did not recieve this upper GI test because I was shipped to IDOC. I informed IDOC that I am bleeding, of the tests I had and need. The only thing done was the DR gave me some type of a card on which to place my blood to verify I am bleeding. IDOC was also put on notice of these facts by my cook county medical records file in their posession.

5.

Despite IDOC's knowledge that I have been bleeding for three years in their custody, that it has increasingly become significantly worse, that I bleed on a daily basis and now sometimes quite profusely one to four times a day or more, IDOC has done absolutely NOTHING! It has become so bad that if I pass gas my underwear are either sprayed with blood or soaked with it because it just runs out of me.

D. Since entering IDOC I have been trying unsuccessfully to obtain dental attention. I put in at Menard 3 times at least and never seen. I put in at Danville and was finally seen and told I have two cavities teeth # 10 & 11 (front) not only one as I thought. I was put on a waiting list which I was told is a minimum wait of 2½ years! I has also come to my knowledge there has NOT been a dentist at Danville to actually fill a tooth in many years 4 or 5 at very least. It is bad enough they NEVER clean your teeth here and in fact have a sign posted stating this. I was also told the only procedure available by the dentist (Butcher) here is extractions. I dont want to lose my front teeth because of small cavities going unfilled for years until pain forces me to beg to have them pulled out. Where is the two full time dentists and hygentists that Wexford's contract reflects worked at Danville during 2006-2007?

E. Since entering IDOC I have informed health care staff many times of the hearing loss in my right ear, and my need of a hearing aid. Additionally IDOC was put on notice of these facts by my cook county medical records file in their posession. I was in fact

6.

given several audio tests at cermak hospital. I was then taken to chicago hearing aid society on Halsted and given a stinger hearing test. I was then fitted by molding for a hearing aid. I did not recieve the hearing aid because I was shipped to IDOC. Not having this hearing aid and not being able to hear properly put me at an unreasonable and now a further increased risk of harm because Danville is now a high security facility, (where many of stateville's violent offenders are now confined). Also there has been a great increase in hostility and fights as a direct result of being locked in the cells all these hours now **because of** the new schedule and dangerous offenders with long sentences. I cannot hear good enough to know when to move or protect myself should an altercation arise in close proximity to me. I cannot hear the C/Os many times when spoken to or given a direct order. Danville has done NOTHING!

F. IDOC has repeatedly poisoned Plaintiff by continusously serving large quantaties of soy to eat, without warning of the dangerous consequences resulting from ingesting soy. Despite IDOC's knowledge of the danger. The FDA lists soy in it's poisonous "Data Base" a search of the word soy in the data base reveals 286 references on studies warning about goiter and amino acid deficiences, endocrine disruption, numerous cancers, liver & thyroid damage, dangerous increase in cholesterol levels, kidney damage & stones, oxalates & phytates contained in ALL soy prevent the absorption of minerals zinc, iron and calcium to name a few which damages "<u>teeth</u>", saponins in All soy eat into the stomach and small intestinal linings and **causes**

7.

"BLEEDING", soy lectins cause the red blood cells to clump together, severe immune system reactions, osteoporosis, arthritis, vulvodynia, sterilization in males by deadening testes. ALL soy contains antinutritional factors known as volatile lipids, toxins and 38 petroleum compounds which cannot be cooked out or seperated, nor can they be digested by humans. Soy also causes heart disease and heart "ARRTYHMIAS". Eating soy will always inevitably lead to malnutrition and diseases. Plaintiff has irrefutable defacto proof soy has injured him. IDOC was sued by their womans facilty for health problems from soy, and in fact settled out of court. Likewise several officers at Danville as well as at least two other inmates have filed suit for health problems from ingesting soy served here.

G Plaintiff was denied equal protection in violation of the 14th amendment when he was denied a transfer to a reduced security prison facility because of his race. Numerous prisoners of different races, (I can name many) with more than double the remaining time, extremely violent cases involving severe bodily harm and with bad disciplinary records UNLIKE Plaintiff recieved such transfers. This is Plaintiff's first felony and first time in prison and he has an exemplary record since his incarceration began almost 10 years ago on this wrongfull conviction on false charges. Plaintiff upon entering IDOC was in fact classified as low security, so there was NO valid security reason to have denied his transfer. Because Plaintiff is white hasn't and is not likely to cause any trouble IDOC believes they can keep whitey locked in a cell designed

8.

for one person, but contains two people 22 hours a day and deny him any and all medical or dental attention indefinitely, by denying to transfer him. It should also be noted that the Plaintiff by being denied a transfer is also denied equal protection by his being unconstitutionally housed with another in a single man cell. This very court determined would not violate the constition only if this type of confinement did not exceed 10 hours a day, plaintiff is confined more than double that amount!

II Defendants Liable in Both individual and official capacity

A. Loftus, Anglin, Laker and Kiley after being put on notice of facts denied the plaintiff's grievances and it's process thus preventing Plaintiff from an administrative remedy in which to either force health care to provide treatment or take him for outside treatment. Likewise any one of these defendants could have picked up a phone and spoke to the transfer coordinator and requested Plaintiff be transferred as Plaintiff showed all of them his lab results & the DR's notes verifying his heart condition and his need of much exercise. Additionally they all know for a fact there is NO dentist here to fill teeth and of Plaintiff's grievance on dental. They were all clearly aware of Plaintiff's medical problems, his unconstitutional housing confinement and the daily poisoning with soy but chose to disregard them!

B Miller and Ameji knew of Plaintiff's serious medical needs by his repeated trips to health care, his cook county medical records file as well as IDOC's file, from speaking with Plaintiff in person,

his numerous request slips and his grievances, ALL of which they just willy nilly disregarded! Likewise Mary Miller is also responsible for Plaintiff being poisoned with soy as she is the medical director and responsible to see we are provided safe healthy diets. Miller is also to see constitutionally acceptable housing and sanitary shower and living conditions are provided, which they are certainly NOT!

C.1. Wexford Health Services INC. Failed to provide medical attention by not staffing with competent Doctors who know about problems with the uro genitalia system or at least have enough sense to send for outside help. NO instruments to perform a Dialatation a minimally necessary procedure with a stricture. NO equipment to perform an ultrasound of the bladder after urination to see if the bladder is emptying, which if not would establish there is a stricture, or some kind of a problem needing attention. Instead Wexford hires doctors (butchers) who are incompetent and who no one else will hire.

2. Failed to provide an ear, nose and throat DR to examine inmates with hearing problems. Failed to provide equipment or personal to perform audio tests. At a facility with almost 2000 people confined here at any given time Wexford should at a minimum have had a urologist and an ear, nose and throat DR on a rotating or a bimonthly basis at the very least as there is certain to be individual with these types of problems.

10

3. No staffing or equipment to perform an upper GI test, nor even a DR with enough sense to realize and say hey this Guy is BLEEDING this is not normal let's send him to an outside hospital to find out why and stop it!

4. NO hygentist to clean teeth which is a normal and necessary procedure in promoting or providing proper dental care and in the prevention of cavaties. NO dentist to fill teeth or materals to fill them with. An unacceptable and unrealistic waiting list starting at a minimum of 2½ years.

5. Failed as a "Health care provider" to see that a proper safe and healthy diet is provided by allowing Plaintiff to be poisoned with soy. Additionally Wexford failed to see that constitutionally adequate housing is provided, which adversely affected Plaintiff's condition by increasing depression, anxiety mental anguish and distress which put him at a further risk of a heart attack/stroke, and such confinement cannot be good for Plaintiff's overall mental health condition.

D. Rodger Walker JR failed to provide an administrative remedy and medical & dental attention when he signed off on (upholding denials) my grievances after being put on notice of facts. Walker knowing of the 2½ year wait and the fact there is NO dentist at Danville condoned this! Additionally Walker is responsible for my heart damage & arrhythmia, dangerously high cholesterol, damage to my teeth, damage to my stomach and or intestinal linings and profuse bleeding because He

11.

allowed Plaintiff to be repeatedly poisoned with soy that is served as a very large portion of the diet. Walker must have known of soy's dangerous health causing problems from the law suit IDOC settled out of court. Lastly Walker is also responsible for Plaintiff's equal protection violation and his unconstitutional housing by upholding Plaintiff's grievance's denial.

E. "ALL DEFENDANTS" under color of state law conspired and or acted in concert to be deliberately indifferent to:
1) Plaintiff's present serious medical needs as their conduct violated the Plaintiff's "clearly established 8th & 14th amendment constitutional rights of which a reasonable person would have known"; Harlow 102 S.CT. 2727; Thomas 130 F3d 754 at 763 (7th Cir. 1997).
2) They were also deliberately indifferent in that the current serious health problems are in fact conditions posing an unreasonable risk of serious damage to future health or even death, Henderson 196 F3d at 846-7 (7th Cir 1999).
3) Failed to provide a "Healthy & Safe Diet."
4) Failed to provide equal protection & const. adequate housing.

VI   Plaintiff respectfully requests this Honorable court reconsider the 4/23/08, 3:54 PM order that struck claims against the defendants in their official capacities. Plaintiff is NOT a lawyer and is NOT an experienced litigator but he believes the defendants are in fact liable in both their official and individual capacities. In light of

12.

the irrefutable facts set forth in IV & V of this complaint and the following case law, It is the Plaintiff's belief that the defendants do not have immunity under the eleventh amendment in this instant case. See Verser V. Elyea 113 F.supp.2d 211 (7th cir 2000) holding: No immunity for those who deny - upheld denials on grievances; Jones V. Natesha 151 F.supp.2d 938 (N.D. Ill. 2001); West v. Atkins 108 S.CT. 2250; Saucier 533 U.S. at 202; Walker V Benjamin 293 F3d 1030 at 1040 (7th cir. 2002); Anderson 483 U.S. at 640; Hope 536 U.S. 730 at 731 (2002).

VII. Plaintiff Respectfully Renews His Request for Counsel. In support thereof He states: He has made several colorable claims. He is not a lawyer and NOT an experienced litigator and thus not prepared to deal with nonintuitive procedural requirements applied in a setting of complex legal doctrine, and without assistance more than likely will be tripped up by my opponent's lawyers. Because of the seriousness of these claims litigation should be as expiditous as possible in order to quickly resolve these health problems rather than allow them to worsen. By their own belated response/admission IDOC has made it abundantly clear they will NOT cooperate and in fact have no problem editing Plaintiff's medical records to cover up the truth. Plaintiff is also handicapped by his inability to obtain evidence from Doctor - witnesses outside the prison. Depositions as a means of obtaining evidence from such witnesses is an avenue completely foreclosed to the Plaintiff. This is especially critical because the only Doctors

13.

other than (the defendant's who did NOTHING) are the Doctors/specialists who actually examined and treated the plaintiff in the county, however they are beyond the subpoena power of the court. see Fed R. of Civ. Proc. 32(a)(3). Plaintiff believes consultation with "outside medical experts" who previously treated him is imperative to establish standards of medical practice in such areas; their previous diagnosis, causation, treatment plaintiff recieved, treatment plaintiff would have recieved if he was not shipped to IDOC, and harm caused by not recieving such treatment.

The following further supports Appointment of counsel is appropriate in this instant case. see DiAngelo v. Illinois Dept. of Public Health 891 F2d 1260 at 1262 (7th cir. 1989); Lewis v. Lane 816 F2d 1165 at 1170-71 (7th cir. 1987); Hughes v. Ill. Dept. of corrections 931 F2d 425 (7th cir 1993); Members 140 F3d 699; Barnhill 958 F2d 200; McNeil 831 F2d 1368; Early 853 F. supp 268; McKeever 689 F2d 1315 (7th cir 1982); Maclin 650 F2d 885 at 887-89; Farmer v. Haas 990 F2d 319 at 322 (7th cir. 1993). Plaintiff has contacted several more attorneys seeking representation. Attorney Kent Heller of Heller, Holmes & Associates has responded that he needs to see my medical records. Plaintiff has in fact signed the releases Mr. Heller sent to review the medical records, which he believes is taking place now?

## VIII Relief Requested

Plaintiff requests: 1) an immediate transfer to a federal prison facility which is authorized pursuant 730 ILCS 5/3-4-4; or in the alternative to East Moline C.C. in a

14.

single man cell. 2) MY teeth filled and cleaned. 3) Be seen by a urologist and treated. 4) Given an upper GI test to determine why & where I am bleeding and treated to stop it. 5) Remove ALL soy from my diet and substitute it with vegetables or fruit so I am not hungry daily as now. 6) Ten million dollars in punative & monetary damages, for which NO settlement will even be considered unless the relief in 1 is first granted and the relief in 2-5 has at least begun.

For the record as sworn to by Affidavit in the initial filing, the Plaintiff was threatened by defendant Kerrick Kiley on April 16, 08. If litigation actually ensued against any Danville Personal He (Plaintiff Dolis) could and would run into "All kinds of Problems" and lose up to 18 months good time and go to segragation for a year (Retaliation). In a further show of force during the 4/23/08 Video conference defendant Kiley was present in an effort to intimidate the Plaintiff and prevent or deter him from speaking openly and freely to the Honorable Judge Baker. Subsequently defendant Laker told Plaintiff this litigation would not only prevent him from transfering to a less secure facility, but in fact send him to a "much worse place". Defendants Miller & Ameji have retaliated by canceling Plaintiff's lower bunk - gallery medical order even though his condition which necessitated said permit is worse.

Plaintiff James Dolis swears under the penalty of perjury as provided by law pursuant 28 USC 1746, 18 USC 1621 that everything contained in this amended complaint is true in substance and in fact, based upon his own personal knowledge, information and belief. Respectfully submitted  *James Dolis* 5/ /08

15

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 1816 | DATE | 1/22/2008 |
| CASE TITLE | James Dolis (Inmate No. R42411) vs. John Chambers, Warden | | |

**DOCKET ENTRY TEXT**

The State of Illinois is ordered to respond to the habeas petition of James Dolis within 60 days of this order. Petitioner's motion for summary judgment (D.E. 13) is stricken without prejudice, as habeas petitions are adjudicated *as habeas petitions* (with evidentiary hearings, if appropriate) and not on the basis of summary judgment filings and Local Rule 56.1. Petitioner's motion for substitution of judge (D.E. 14), which is largely predicated on his belief that the state should be required to answer his petition, is denied without prejudice.

*Mark Filip*

Docketing to mail notices.

■ [ For further details see text below.]

## STATEMENT

Petitioner, James Dolis, has filed a 166-page habeas petition. (D.E. 1.) In it, he reports that he was convicted in 1999 in the Circuit Court of Cook County of home invasion and aggravated battery, for which he received concurrent sentences of thirty and five years. (*Id.* at 1.) His conviction and sentence were affirmed on direct appeal by the Illinois Appellate Court, and the Illinois Supreme Court denied his petition for leave to appeal. (*Id.* at 2.) It appears that the only issue Petitioner raised on direct appeal was whether the trial court abused its discretion in imposing sentence. (*Id.* at 5.) Petitioner appears to believe that his appointed attorneys from the various public defender's offices in the Illinois courts were ineffective and were operating under conflicts of interest. (*See, e.g., id.* at 3, 6, 7.) He also appears to contend that some or all of the witnesses against him at trial perjured themselves (*id.* at 14), and that the jury's verdict is therefore unsound because it rests on witness-testimony from his criminal trial. (*See id.* at 15; D.E. 13 at 1.) Petitioner filed a collateral attack in the Illinois courts; in it, Petitioner appears to have contended, among other things, that the trial judge was biased against him (D.E. 1 at 12), and he also seemingly raised numerous other claims of error that his appellate counsel did not believe could be appropriately raised on appeal. (*See id.* at 6 (motion of assistant public defender to withdraw on appeal, which states: "James Dolis was made aware prior to submitting his opening brief [on appeal that], I, as well as the Chief of the Appeals Division, read the appellate record thoroughly. Additionally, I spent a significant amount of time and effort researching all potential issues. Only after carefully evaluating the merits of each of the potential issues, did I prepare his opening brief—which included all the issues that could reasonably be raised on appeal.")). Petitioner's post-trial proceedings also were resolved against him in the Illinois Courts.

Petitioner has now filed a wide-ranging, 156-page federal habeas petition. The State of Illinois is ordered to respond to the habeas petition of James Dolis within 60 days of this order. Petitioner's motion for summary judgment (D.E. 13) is stricken without prejudice, as habeas petitions are adjudicated *as habeas petitions* (with evidentiary hearings, if appropriate) and not on the basis of summary judgment filings and Local Rule 56.1. Petitioner's motion for substitution of judge (D.E. 14), which is largely predicated on his belief that the state should be required to answer his petition, is denied without prejudice. So ordered.

07C1816 James Dolis (Inmate No. R42411) vs. John Chambers, Warden

Page 1 of 1

STATE OF ILLINOIS
                    SS
COUNTY OF _____

IN THE

**US District Court**

**Central District of Illinois**

Plaintiff James Dolis    )
~~Respondent~~           )
                         )  CASE NO. 2:08-CV-02085
         vs              )
Loftus et al             )
Defendant

## NOTICE OF FILING

TO: Clerk of US District Court
    201 S Vine St.
    Room 218
    Urbanna IL 61802-3348

TO: _____

TO: _____

1 Original & 9 copy    ___ copy(ies)    ___ copy(ies)

PLEASE TAKE NOTE that on the ___ day of _____ 08, I have filed, through the U.S. Mail, with the above named parties, the below listed documents (number of copies & originals filed are listed below the addresses of the parties):

1) 42 USC 1983 complaints against state defendants
2) ___
3) ___
4) ___
5) ___
6) ___
7) ___
8) ___

## AFFIDAVIT OF SERVICE

I, _____, being first duly sworn on oath, deposes and avers that he/she has caused the above stated documents in the above stated amounts, to be served upon the above listed parties by placing the same in the U.S. MAIL BOX on Housing Unit # 2 located at Danville Correctional Center in Danville, IL for delivery as 1st Class Mail.

s/s *James Dolis*
NAME: JAMES DOLIS
IDOC Reg. No. R42411

Subscribed and sworn to before me this ___ day of _____
NOTARY PUBLIC

Revised Jan 2002

## Minute Entries
2:08-cv-02085-HAB-DGB Dolis v. Loftus et al
17, PRISONER, PROSE, REFER

U.S. District Court

CENTRAL DISTRICT OF ILLINOIS

**RECEIVED**
MAY 28 2008
U.S. CLERK'S OFFICE
URBANA, IL

### Notice of Electronic Filing

The following transaction was entered on 4/23/2008 at 11:21 AM CDT and filed on 4/23/2008
**Case Name:** Dolis v. Loftus et al
**Case Number:** 2:08-cv-2085
**Filer:**
**Document Number:** No document attached

**Docket Text:**
Minute Entry for proceedings held before Judge Harold A. Baker: Merit Review Hearing held on 4/23/2008. Appearance of plaintiff pro se. Plaintiff's motion to appoint counsel [3] is denied at this, but with leave to renew the motion. Plaintiff's motion to amend complaint [5] is granted. Amended complaint due within 35 days (5/28/08). The notice of waiver for Wexford is to go to Wexford Health Service. Case management order to be entered. Copy of minute entry mailed to pro se plaintiff. (Court Reporter TJ.) (KW, ilcd)

2:08-cv-2085 Notice has been electronically mailed to:

2:08-cv-2085 Notice has been delivered by other means to:

James Dolis
R42411
DANVILLE
Danville Correctional Center
Inmate Mail/Parcels
3820 E Main St
Danville, IL 61834

## Other Orders/Judgments
2:08-cv-02085-HAB-DGB Dolis v. Loftus et al
17, PRISONER, PROSE, REFER

**U.S. District Court**

**CENTRAL DISTRICT OF ILLINOIS**

**RECEIVED**
**MAY 28 2008**
**U.S. CLERK'S OFFICE**
**URBANA, IL**

### Notice of Electronic Filing

The following transaction was entered on 4/8/2008 at 1:32 PM CDT and filed on 4/8/2008
**Case Name:**     Dolis v. Loftus et al
**Case Number:**   2:08-cv-2085
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**MERIT REVIEW ORDER Entered by Judge Harold A. Baker on 4/8/08. This case is set for merit review. The court is required by 28 U.S.C. Section 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." The plaintiff must be prepared to identify each of his claims and defendants during the hearing. The clerk is to notify the plaintiff's place of incarceration and to issue a writ for the plaintiff's participation in the video/telephone conference call. Merit Review Hearing set for 4/23/2008 at 9:30 AM by video conference (court to initiate conference) before Judge Harold A. Baker. Copy mailed to pro se plaintiff. (KW, ilcd)**

**2:08-cv-2085 Notice has been electronically mailed to:**

**2:08-cv-2085 Notice has been delivered by other means to:**

James Dolis
R42411
DANVILLE
Danville Correctional Center
Inmate Mail/Parcels
3820 E Main St
Danville, IL 61834

https://ecf.ilcd.circ7.dcn/cgi-bin/Dispatch.pl?848220579561366                    04/08/2008